# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY J. MARSALIS** | **CIVIL ACTION** |
| **v.** | |
| **JOHN WETZEL,** *et al.* | **NO.  16-3098** |

## ORDER

**AND NOW**, this  21st  day of October, 2020, upon careful and independent consideration of the Amended Petition for Writ of Habeas Corpus, the Commonwealth's Response, and other documents filed by the parties, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, **IT IS ORDERED** as follows:

1.      The Report and Recommendation is **APPROVED** and **ADOPTED** with the addition of the analysis set forth in the footnote below;[1]s

---

[1] Petitioner objects to the Magistrate Judge's resolution of six of his twelve claims for habeas relief, each of which involves the alleged ineffective assistance of Petitioner's trial counsel.  Conceding that these ineffective assistance claims were procedurally defaulted, Petitioner acknowledges that he needs to establish cause for the default prior to the court reaching the merits of his claims.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  He insists that he has done so under the U.S. Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues that the Magistrate Judge relied on an incorrect interpretation of *Martinez* to foreclose Petitioner's claims.

To understand Petitioner's argument, a brief recitation of the relevant procedural history is helpful.  On July 27, 2010, Petitioner filed a counseled petition for post-conviction relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46.  He was initially represented by retained counsel Cheryl J. Sturm.  Petitioner discharged Ms. Sturm prior to the court ruling on his petition, and retained Norris E. Gelman, who entered his appearance on January 13, 2012.  On June 25, 2012, Mr. Gelman filed an amended PCRA petition on Petitioner's behalf.  The Commonwealth filed a motion to dismiss the petition, and counsel filed a reply.

On May 13, 2013, the PCRA court issued a notice of intent to dismiss the amended petition, pursuant to Pennsylvania Rule of Criminal Procedure 907.  Petitioner elected to file a *pro se* response to the Rule 907 notice as well as a motion to proceed *pro se*, to which he attached a supplemental amended PCRA petition.  Counsel filed a motion to withdraw on June 13, 2013, and Petitioner filed *pro se* an amended response to the Rule 907 notice and a second supplemental PCRA petition the following day.  On July 11, 2013, following a hearing, the PCRA court

---

permitted counsel to withdraw and Petitioner to represent himself.  The court also granted Petitioner leave to file an amended PCRA petition.  Petitioner filed his *pro se* amended petition on November 22, 2013, which was subsequently dismissed.  He appealed *pro se* to the Pennsylvania Superior Court, which affirmed the dismissal.

Now, Petitioner seeks to raise several claims based on the alleged ineffectiveness of his trial counsel, arguing that his default of these claims may be excused due to his post-conviction counsel's failure to raise them before the PCRA court.  As the Magistrate Judge noted, under *Martinez*, if a state requires a defendant to defer claims of trial counsel's ineffective assistance from the direct appeal to the state collateral challenge, then ineffective assistance of initial-review state collateral counsel may constitute cause to excuse the default of any claim of trial counsel's alleged ineffective assistance.  566 U.S. at 9.  The Magistrate Judge found *Martinez* inapplicable to Petitioner's case, however, as Petitioner himself – and not PCRA counsel – assumed final responsibility for selecting the claims that were reviewed by the PCRA court.

Petitioner counters by citing to language in *Martinez* that, according to Petitioner, suggests that the *Martinez* rule applies even where a petitioner elects to proceed *pro se* in his initial-review collateral proceedings.  Petitioner points to the following:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (**or the absence of an attorney**) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, **if undertaken without counsel** or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

*Id.* at 14 (emphasis added).  But, contrary to Petitioner's belief, this "absence of an attorney" language does not refer to situations where an individual has initial-review collateral counsel and then voluntarily terminates that counsel in order to represent himself.  Rather, it refers to situations "where the state courts did not appoint counsel in the initial-review collateral proceeding," thereby forcing an individual to undertake his own post-conviction representation.  *See id.* (finding only "two circumstances" which might excuse a petitioner's failure to raise an ineffective assistance claim during initial-review collateral proceedings: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," and (2) "where appointed counsel in the initial-review collateral proceeding . . . was ineffective").  This differs from the present case, where Petitioner had post-conviction counsel and nevertheless elected to terminate counsel and proceed *pro se* before the PCRA court.  *See Kollock v. Glunt*, 2014 WL 4080757, at *25 (E.D. Pa. Aug. 18, 2014) ("[Petitioner cannot] allege ineffectiveness of PCRA counsel as cause, because he elected to act pro se.  Petitioner filed an amended PCRA petition, with supplementation, after the PCRA court granted appointed counsel's motion to withdraw, and Petitioner filed a pro se PCRA appeal.  Therefore, the Supreme Court's recent decision [in *Martinez*] allowing certain petitions to meet the cause requirement by establishing ineffectiveness of collateral appeal counsel does not apply."); *Bender v. Wynder*, 2013 WL 3776746, at *4 (W.D. Pa. July 15, 2013) ("Petitioner elected to represent himself during his PCRA proceedings despite the PCRA court appointing him counsel.  Thus, . . . [Petitioner's] default was caused by Petitioner's own ineffectiveness to which *Martinez* cannot reasonably be said to apply.").

Nor does this case resemble the Third Circuit Court of Appeals' recent decision in *Mack v. Superintendent Mahanoy SCI*, 714 F. App'x 151 (3d Cir. 2017), in which the court held that a petitioner's procedural default of an ineffective assistance claim may be excused under *Martinez* even where the petitioner fails to raise the claim in a *pro se* response to post-conviction counsel's no-merit letter.  *Id.* at 154.  In *Mack*, the responsibility for petitioner's default properly rested with PCRA counsel, given counsel's determination that none of petitioner's claims for relief were meritorious.  *Id.*  Here, however, Petitioner requested, and was granted, permission to represent himself, and filed a *pro se* amended complaint.  He could have raised any claim he desired.  Petitioner, and not terminated post-conviction counsel, thus bore the "responsibility to raise any claim of ineffective assistance of counsel" before the PCRA court.  *See id.*

Indeed, adopting Petitioner's position would contravene the general rule that "a defendant who proceeds *pro se* voluntarily cannot assert a claim of ineffective assistance of counsel."  *See Fischetti v. Johnson*, 384 F.3d 140, 154 (3d Cir. 2004); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[W]hatever else may or may not be

2.      The Petition for Writ of Habeas Corpus is **DISMISSED** and **DENIED**, without an evidentiary hearing;

3.      Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims.  Consequently, a certificate of appealability is **DENIED**.

4.      The Clerk of Court shall mark this file closed.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____

**WENDY BEETLESTONE, J.**

---

open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").  Because Petitioner voluntarily elected to terminate his attorneys and act *pro se* during his PCRA proceedings, *Martinez* does not apply, and Petitioner cannot establish cause for his procedural default.